FILED

04 SEP 14 AM 11:39

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RESDEV, LLC**, a Florida Limited Liability company,

Plaintiff,

v.

**LOT BUILDERS ASSOCIATION, INC.**, a Florida corporation, **MICHAEL SHANNON BOSWELL** and **BRAD LUKENS,** individually,

Defendants.

**Case No.** 6:04-CV-1374-ORL-GAP-DAB

**VERIFIED COMPLAINT**

---

**ACTION FOR VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT AND VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT: JURY TRIAL AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, RESDEV, LLC ("Plaintiff") for its complaint against LOT BUILDERS ASSOCIATION, INC., ("LBA"), MICHAEL SHANNON BOSWELL ("Boswell") and BRAD LUKENS ("Lukens") (collectively referred to herein as "Defendants") states:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a business enterprise organized and duly subsisting under the laws of Florida, with its principal offices in Osceola County, Florida and is engaged in the acquisition, development and trade of real property.

2. LBA is a business enterprise organized and duly subsisting under the laws of Florida, with its principal office in Orange County, Florida.

3. Defendant Boswell is an individual who resides in this judicial district and division.

4. Defendant Lukens is an individual who resides in this judicial district and division.

5. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1331.

6. Venue properly lies within this judicial district and division under 28 U.S.C. § 1391(b) and (c).

7. All conditions precedent to Plaintiff maintaining this action has occurred, have been excused or waived or have been made impossible by the actions of the Defendants.

## SUBSTANCE OF THE ACTION

8. This action arises out of Defendants' unauthorized access to Plaintiff's computer network and, Defendants' interception of Plaintiff's electronic communications in violation of United States laws.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff has developed a proprietary computerized process for (a) identifying scattered real estate lots in residential developments across the State of Florida, (b) organizing the identified lots into a proprietary computerized database, (c) evaluating the identified lots in the database with respect to certain criteria using computer software, and then (d) preparing proprietary lists of desirable lots (referred to herein as "Plaintiff's Lot Evaluation Process").

10. Over the course of its business, Plaintiff also developed a list of builders as potential customers, data sources and other business and technical information, including identification of owners of lots, commonly referred to as potential sellers.

11. Potential sellers are located throughout the United States and identifying information on these potential sellers are maintained on Plaintiff's database. It is from these database entries that Plaintiff makes calls to the potential sellers and then makes contemporaneous notes of the conversations on the database.

12. On or about August 15, 2003, Plaintiff engaged Defendant Boswell as an information systems consultant to assist in maintaining and improving the computer systems used by Plaintiff in its Lot Evaluation Process and in managing all of its business and technical information.

13. At the time of his engagement, Defendant Boswell represented to Plaintiff that he was an experienced information system consultant.

14. It is a custom among information systems consultants to maintain the proprietary business and technical information of the principal in strict confidence.

15. Defendant Boswell was engaged by Plaintiff with the understanding that his engagement was a confidential relationship.

16. Defendant Boswell served as the computer technical systems administrator for Plaintiff, who not only created his own system administrator passcode but also the passcodes assigned to all of Plaintiff's management, employees and agents.

17. Defendant Boswell's system administrator passcode gave him unrestricted access to all of Plaintiff's proprietary computer data, processes and systems.

18. On or about May 2, 2003, Plaintiff engaged Defendant Lukens as an agent to perform the services of procuring scattered lots.

19. Defendant Lukens was engaged by Plaintiff with the understanding that his engagement was a confidential relationship.

20. Upon information and belief, in late April or early May 2004, Defendants Boswell and Lukens formed a scheme to breach their confidential relationship with Plaintiff by taking critical portions of Plaintiff's proprietary information and forming a competitive venture using that information. On May 4, 2004, Defendants Boswell and Lukens formed LBA.

21. As part of the scheme described in ¶ 20 above, Defendants Boswell and Lukens, while still engaged as Plaintiff's agents and while in a confidential relationship with Plaintiff, on information and belief,

a. downloaded electronic copies of portions of the computerized database used with Plaintiff's Lot Evaluation Process and removed the copies from Plaintiff's premises;

b. downloaded electronic copies of the software used in evaluating lots in Plaintiff's Lot Evaluation Process and removed the copies from Plaintiff's premises;

c. downloaded electronic copies of portions of Plaintiff's lists of desirable lots and removed the copies from Plaintiff's premises;

d. downloaded e-mails of Plaintiff and removed the copies from Plaintiff's premises;

e. loaded onto LBA computers/servers Plaintiff's downloaded computerized database including Plaintiff's notes thereto, software used in evaluating lots in Plaintiff's Lot Evaluation Process and lists of desirable lots;

f. made lot purchase offers on behalf of Defendant LBA to prospective sellers identified on Plaintiff's list of desirable lots;

g. approached several of Plaintiff's other agents to join in the scheme, while requesting the approached agents refrain from informing Plaintiff, and/or

h. signed contracts in their personal name to purchase lots identified on ResDev's proprietary desirable lot list.

22. Upon initiating the scheme described in ¶ 20 above, Defendants Boswell and Lukens left Plaintiff on May 12, 2004.

23. Defendants Boswell and Lukens recruited other agents of Plaintiff prior to leaving. Several of Plaintiff's agents, including Truong Le, Michael Abel, Lindsay Harrison and Cheryl Berry, left Plaintiff and went to work for Defendants LBA, Boswell and Lukens.

24. On information and belief, Mr. Le and Mr. Abel began working for Defendant LBA prior to May 12, 2004, when Defendants Boswell and Lukens left Plaintiff.

25. On information and belief, the data on Defendant LBA's computers that Mr. Le and Mr. Abel used, both before and after May 12, 2004, was Plaintiff's proprietary computer database that Defendant Boswell and Lukens had downloaded from Plaintiff and set up on Defendant LBA's computers.

26. Defendants have accessed Plaintiff's proprietary computer database at least three (3) times since leaving Plaintiff and directly competing as Defendant LBA. Plaintiff's computer database contains sensitive and proprietary information such as identities of potential sellers, bid prices for identified lots, notations of conversations with potential sellers, and locations of desired lots.

27. Defendant Boswell, while Plaintiff's system administrator, established a website www.resdevllc.com. This website had 10-15 links that were to be password protected. Unbeknownst to Plaintiff, Defendant Boswell failed to password protect 2 or 3 links that contained sensitive data of Plaintiff. After Defendant Boswell left Plaintiff, he

accessed these sensitive data links. This website and these unprotected password links were set up as a "back door" for Defendants to access Plaintiff's computer database.

## COUNT ONE

## CLAIMS FOR RELIEF UNDER THE COMPUTER FRAUD AND ABUSE ACT

28. This Count One is an action by Plaintiff against Defendants for violation of the Computer Fraud and Abuse Act, (referred to herein as "CFAA") 18 U.S.C. § 1030 pursuant to 18 U.S.C. § 1030(g).

29. Plaintiff here restates and incorporates into this Count One the allegations of ¶ 1-27 above, inclusive.

### A. 18 U.S.C. § 1030(a)(2)(c)

30. Defendants' intentional access to Plaintiff's computer network without authorization, provided Defendants with access to Plaintiff's valuable information exceeding $5,000.00 in value, including information regarding Plaintiff's interstate communications.

31. Defendant Boswell's acts of exceeding authorized levels of access to Plaintiff's computer network provided Defendants with access to Plaintiff's valuable information exceeding $5,000.00 in value, including information regarding Plaintiff's interstate communications.

### B. 18 U.S.C. § 1030(a)(4)

32. Defendants Boswell and Lukens knowingly and with the intent to defraud Plaintiff, exceeded their authorized access to Plaintiff's computer, to further their

intended fraud and obtain Plaintiff's valuable records for the furtherance of Defendant LBA's business.

33. The value of Defendants' unauthorized access of Plaintiff's computer to further their intended fraud was in excess of $5,000.00.

**C. 18 U.S.C. § 1030(a)(5)(i)**

34. Defendants knowingly caused the transmission of Plaintiff's programs and information from Plaintiff's computers to Defendants' computers.

35. As a result of Defendants' transmission of Plaintiff's programs and information, Defendants intentionally caused damage to Plaintiff's computer in excess of $5,000.00.

**D. 18 U.S.C. § 1030(a)(5)(ii) and (iii)**

36. Defendants intentionally accessed Plaintiff's computer without authorization to acquire Plaintiff's database and information for their own use.

37. Defendants' intentional access of Plaintiff's computer without authorization from Plaintiff, recklessly caused damage to Plaintiff in excess of $5,000.00.

38. Defendants' intentional access of Plaintiff's computer without authorization from Plaintiff caused damage to Plaintiff in excess of $5,000.00.

**E. 18 U.S.C. § 1030(a)(5)(B)(i)**

39. Defendants' conduct described in C and D above caused loss to Plaintiff during a one (1) year period exceeding $5,000.00 in value.

40. Defendants' acts constitute computer fraud and abuse in violation of 18 U.S.C.§ 1030(a)(2)(c); (a)(4); (a)(5)(A)(i); (a)(5)(A)(ii); (a)(5)(A)(iii); and (a)(5)(B)(i).

41. Defendants' actions have caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

## COUNT TWO

## CLAIMS FOR RELIEF FOR ELECTRONIC COMMUNICATIONS INTERCEPTION

42. This Count Two is an action by Plaintiff against Defendants for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, pursuant to 18 U.S.C. § 2520.

43. Plaintiff here restates and incorporates into this Count Two the allegations of ¶ 1-27 above, inclusive.

44. Defendants have intentionally accessed Plaintiff's computer network and on information and belief intentionally intercepted or endeavored to intercept Plaintiff's electronic communications.

45. On information and belief, Defendants have intentionally used, or endeavored to use, the contents of Plaintiff's electronic communications, knowing, or having reason to know that the information was obtained through the interception of Plaintiff's electronic communications.

46. Defendants' acts constitute interception and unauthorized use of electronic communications in violation of 18 U.S.C. § 2511(1)(a) and § 2511(1)(d).

47. Defendants' actions have caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter such Interlocutory and Final Orders and Judgments as are necessary to provide the following relief:

1. Preliminarily and then permanently enjoining Defendants, their employees, agents, officers, directors, licensees, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with any of them, from:

   a. accessing Plaintiff's computer network for any reason;

   b. Intercepting Plaintiff's electronic communications; and/or

   c. aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (c).

2. Awarding Plaintiff its compensatory damages incurred as a result of Defendants' computer fraud and abuse.

3. Awarding Plaintiff its compensatory damages, punitive damages and attorney's fees as a result of Defendants' interception of Plaintiff's electronic communications.

4. Awarding Plaintiff its taxable costs.

5. Awarding Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

Barbara Rudolph Smith

**Herbert L. Allen**
Florida Bar No. 114126
**Barbara Rudolph Smith**
Florida Bar No. 984493
Allen, Dyer, Doppelt, Milbrath &
Gilchrist, P.A.
255 S. Orange Avenue, Suite 1401
Orlando, Florida 32801
Tel. 407-841-2330
Fax: 407-841-2343
Attorneys for Plaintiff

**VERIFICATION**

Jeff Ballantine declares as follows:

I am the founder, manager and sole owner of ResDev, LLC, Plaintiff herein. I have read the foregoing Verified Complaint and know the contents thereof and the same are true of my own knowledge except as to such matters therein stated to be on information and belief, and as to these matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 13 day of September, 2004.

Jeff Ballantine



Sep 13 2004 5:22PM RESDEV LLC 3219396302 p.2

6:04-cv-1374

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

RESDEV, LLC

(b) County of Residence of First Listed Plaintiff: Osceola
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Herbert L. Allen, Esq., Barbara Rudolph Smith, Esq., Brian R. Gilchrist, Esq.
ALLEN, DYER, DOPPELT, MILBRATH & GILCHRIST, P.A.
POST OFFICE BOX 3791, ORLANDO, FL 32802-3791
TEL: (407) 841-2330

**DEFENDANTS**

LOT BUILDERS ASSOCIATION, INC.,MICHAEL SHANNON BOSWELL, BRAD LUKENS

County of Residence of First Listed: Orange
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- X 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of Computer Fraud and Abuse Act, 18 U.S.C. §1030 and Violation of the Electronic Communications Privacy Act, 18 U.S.C. §2511, §2520

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: September 14, 2004 SIGNATURE OF ATTORNEY OF RECORD: Barbara Rudolph Smith

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____